IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PHILIP HAYES, #B88878,      )
                      )
            Plaintiff,    )
     vs.            )    Case No. 3:20-cv-00944-DWD
                      )
DEE DEE BROOKHART,     )
J. YOUNG,              )
DARREN WILLIAMS,       )
C/O CRAWFORD,         )
C/O GIBBS,             )
SHANAE MAYBERRY,       )
                      )
        Defendants.    )

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Philip Hayes, an inmate of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for an alleged deprivation of his constitutional rights at Lawrence Correctional Center.  This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A.  Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1):  After receiving news of the death of a loved one, Plaintiff asked to speak to someone in the mental health department on November 29, 2019.  He was in "a dark place and bad state of mind."  (*Id.,*

p. 10). He first spoke with Correctional Officer Crawford who denied his request. He then spoke with Correctional Officer Gibbs who also denied his request. Because Crawford and Gibbs refused his requests, Plaintiff declared a hunger strike. The next morning Crawford came to Plaintiff's cell and told him that if he did not stop his hunger strike, he would be given a ticket for dangerous disturbance and security threat group. Crawford stated that Warden Brookhart and Internal Affairs Officer Joshua Young were already creating an incident report to make it appear as if he and five other inmates had gone on a hunger strike together. A few days later, Plaintiff was given disciplinary tickets for dangerous disturbance and security threat group.

A hearing was held on Plaintiff's disciplinary tickets by Lieutenant Darren Williams and Correctional Officer Shanae Mayberry. Williams told him, "Look kid I don't care about right or wrong, nor do I care about one of you love ones dying or for the truth in this matter. All I know is Warden Brookhart wants your axx and I'm going to deliver it to her." (*Id.*, p. 12). When Plaintiff asked Mayberry to intervene, she responded, "I'm just going with the flow, I get paid to do as I'm told not what's right." (*Id.*) Plaintiff was found guilty and given 6 months of disciplinary segregation, c-grade, and contact visit restriction along with a transfer to the worst IDOC facility – Pontiac Correctional Center. Warden Brookhart signed off on the disciplinary action despite knowing the allegations were false.

Plaintiff never received the mental health care that he needed. After he was transferred to Pontiac he was unable to sleep, had urine and feces thrown in his face, attempted suicide "by cut at my AC, by arson, and hanging with a rope around my neck

from the bars of my cell," and had property taken from him.  He was forced to live in cells without running water, a light that could not be turned off, and a non-working toilet full of human waste.  He suffered from severe depression, anxiety attacks, hallucinations, and nightmares.

Plaintiff wrote a grievance explaining his reasons for his hunger strike.  When the grievance was reviewed at the second level, Warden Brookhart had a chance to take corrective action but instead concurred with the officers' false allegations.  On July 21, 2020, the ARB issued its decision recommending that the disciplinary report be expunged.  (Doc. 1, pp. 14, 17)  IDOC Director Jeffreys concurred.

Plaintiff seeks monetary damages and injunctive relief at the close of the case.

### Preliminary Dismissal

Plaintiff makes allegations regarding his conditions of confinement at Pontiac Correctional Center and seeks injunctive relief in the form of a transfer.  Any claim Plaintiff may seek to bring regarding the conditions of his confinement at Pontiac must be brought against the individual(s) responsible for those conditions at Pontiac in a separate lawsuit.  As such, the conditions of confinement claim and request for transfer are dismissed without prejudice from this action.

### Discussion

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1:     Eighth Amendment deliberate indifference to serious medical/mental health needs claim against Crawford and Gibbs for denying Plaintiff mental health care on November

29, 2019.

Count 2:    First Amendment claim against Crawford, Brookhart, and Young for issuing false disciplinary tickets to Plaintiff in retaliation for Plaintiff complaining about his conditions of confinement by going on a hunger strike regarding the denial of his requests for mental health care on November 29, 2019.

Count 3:    First Amendment claim against Williams and Mayberry for finding Plaintiff guilty of false disciplinary tickets and against Williams, Mayberry, and Brookhart for punishing Plaintiff on false disciplinary tickets in retaliation for Plaintiff complaining about his conditions of confinement by going on a hunger strike regarding the denial of his requests for mental health care on November 29, 2019.

Count 4:    Fourteenth Amendment due process claim against Crawford, Brookhart, Young, Williams, and Mayberry for their participation in sham disciplinary proceedings.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Count 1

Prison officials violate the Eight Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical or mental  health condition, and (2) the defendant acted with deliberate indifference to his medical or mental  health needs. *Id.*; *Sanville v. McCaughtry*, 266 F.3d

4

724, 734 (7th Cir. 2001) (stating that "the need for a mental illness to be treated could certainly be considered a serious medical need").  The allegations in the Complaint are sufficient at this stage to proceed on the claim in Count 1 against Crawford and Gibbs.

### Counts 2 and 3

Prison officials may not retaliate against inmates for filing grievances, exercising First Amendment rights, or otherwise complaining about their conditions of confinement.  *See, e.g., Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012).  To state a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation."  *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014).  "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'"  *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted). The allegations in the Complaint are sufficient at this stage to proceed on the claim in Count 2 against Crawford, Brookhart, and Young and in Count 3 against Williams, Mayberry, and Brookhart.

### Count 4

To state a Fourteenth Amendment procedural due process claim, Plaintiff must sufficiently allege that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).  A disciplinary ticket, even if falsely issued, will not violate the Fourteenth Amendment if the inmate receives procedural due process in the disposition of the ticket.

*Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984).  A court analyzing a due process claim in the context of prison disciplinary hearings must consider: (1) whether there was a protected interest at stake that necessitated due process protections; and (2) whether the disciplinary hearing was conducted in accordance with procedural due process requirements.  *Zinermon*, 494 U.S. at 125.

Plaintiff's allegation that he received 6 months of disciplinary segregation under conditions that were atypical and a significant hardship in relation to the ordinary incidents of prison life is sufficient to implicate a liberty interest.[1]  Further, he has sufficiently alleged that he was issued false disciplinary tickets and that the disciplinary hearing was a sham conducted in violation of due process requirements.  Accordingly, the claim in Count 4 will proceed against Crawford, Brookhart, Young, Williams, and Mayberry.

## Disposition

The Complaint survives review under 28 U.S.C. § 1915A in part and is dismissed in part as follows: The conditions of confinement claim related to Pontiac Correctional Center and Plaintiff's request for transfer are dismissed without prejudice from this action. Count 1 will proceed against Crawford and Gibbs. Count 2 will proceed against Crawford, Brookhart, and Young.  Count 3 will proceed against Williams, Mayberry, and

---

[1] Plaintiff's demotion to c-grade status and contact visit restriction does not implicate a liberty interest. *Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to C-grade status and loss of commissary privileges); *Overton v. Bazzetta*, 539 U.S. 126, 136 (2003) (withdrawal of visitation privileges for a limited period of time as a disciplinary measure is not a dramatic departure from accepted standards for conditions of confinement).

Brookhart. Count 4 will proceed against Crawford, Brookhart, Young, Williams, and Mayberry.

The Clerk of Court shall prepare for Dee Dee Brookhart, J. Young, Darren Williams, C/O Crawford, C/O Gibbs, and Shanae Mayberry: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

> **IT IS SO ORDERED.**
>
> **DATED:  January 19, 2022**

_____
**David W. Dugan**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, Plaintiff will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.