IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PHILIP HAYES,                          )
                                       )
    Plaintiff,                         )
                                       )
v.                                     )   Case No. 20-cv-944-RJD
                                       )
DEE DEE BROOKHART, et al.,             )
                                       )
    Defendants.                        )
                                       )

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Philip Hayes, an inmate of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for an alleged deprivation of his constitutional rights at Lawrence Correctional Center. (Doc. 1). After summary judgment, Plaintiff was allowed to proceed on the following claim:

> Count 4:   Fourteenth Amendment due process claim against Crawford, Brookhart, Young, Williams, and Mayberry for their participation in sham disciplinary proceedings.

(Doc. 49). Defendants have filed a motion for reconsideration regarding the order on summary judgment, and it remains pending.

Prior to the Court's ruling on the motion for summary judgment, and in anticipation of a previous trial date that has since been vacated, Defendants filed motions in limine to exclude certain evidence. (Doc. 46). Plaintiff did not respond. It is the movant's burden to establish that the evidence at issue is "inadmissible for any purpose." *Jonasson, v. Lutheran Child and Family Svcs.*, 115 F.3d 436, 440 (7th Cir. 1997). Orders in limine may be revisited at trial. *Perry*

*v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013) (*citing Luce v. U.S.*, 469 U.S. 38, 41-42 (1984)).

**MOTION *IN LIMINE* No. 1: PLAINTIFF AND HIS WITNESSES SHOULD BE BARRED FROM TESTIFYING AT TRIAL REGARDING THE CAUSATION OF ANY MEDICAL OR MENTAL HEALTH CONDITION.**

Defendants contend that Plaintiff and his witnesses should be barred from testifying about the causation of any alleged medical or mental health conditions and specifically regarding "any diagnosed injuries, specific medical treatments, or any long-term effects the alleged actions of Defendants caused him." Defendants concede, however, that Plaintiff can testify as to his own experiences as a lay person. Of course, non-experts cannot give expert opinions. Fed. R. Evid. 701. However, expert testimony is not required when "the symptoms exhibited by the plaintiff are not beyond a layperson's grasp," such as when the plaintiff experienced nausea, dizziness, vomiting, a crawling sensation on his skin, emotional and mental regression, and depression when the defendants deprived him of his medication. *See Gil v. Reed*, 381 F.3d 649, 659 (7th Cir. 2004) (citing *Ledford v. Sullivan,* 105 F.3d 354, 360 (7th Cir.1997)). Here, Plaintiff testified at his deposition that during segregation at Pontiac Correctional Center, his mental health deteriorated, he was sleep-deprived, and he became suicidal. (Doc. 41-1 at 22). Those symptoms do not appear to be beyond a layperson's grasp. At this time, however, it is unclear what "diagnosed injuries, specific medical treatments, or [other] long-term effects" Defendants are referring to in their motion. Without such knowledge, the Court cannot find that Plaintiff is barred from giving such testimony. Accordingly, Defendants' Motion in Limine No. 1 is **DENIED** but may be revisited at trial.

**MOTION *IN LIMINE* No. 2: PLAINTIFF SHOULD BE BARRED FROM OFFERING THE INADMISSIBLE HEARSAY STATEMENTS OF ANY MEDICAL OR MENTAL HEALTH PROFESSIONALS.**

Defendants ask that the Court bar Plaintiff "from offering testimony at trial as to the statements of any treating medical professional." Without knowing the statements to which Defendants refer, the Court cannot determine whether those statements constitute inadmissible hearsay. Defendants' Motion in Limine No. 2 is **DENIED** but may be revisited at trial.

**MOTION *IN LIMINE* No. 3: PLAINTIFF SHOULD BE BARRED FROM OFFERING TESTIMONY OR OTHERWISE SUGGESTING THAT THE STATE OF ILLINOIS WILL INDEMNIFY DEFENDANTS**

Defendants seek to preclude Plaintiff from suggesting, referencing, or eliciting any testimony regarding statutory indemnification by the State or any other benefit afforded them by the State Employee Indemnification Act. Evidence that a party is insured is not admissible to prove the party acted wrongfully. Fed. R. Evid. 411. Defendants' Motion in Limine No. 3 is therefore **GRANTED** to the extent that Plaintiff will not be allowed to admit evidence regarding indemnification of Defendants for the purpose of showing that Defendants acted wrongfully.

**MOTION *IN LIMINE* No. 4: PLAINTIFF AND HIS WITNESSES SHOULD BE BARRED FROM TESTIFYING AT TRIAL REGARDING WHETHER DEFENDANTS FOLLOWED ILLINOIS DEPARTMENT OF CORRECTIONS POLICIES AND PROCEDURES.**

Defendants contend that evidence of IDOC's policies and procedures and whether its employees followed those procedures is not relevant to the issue of whether Plaintiff's rights were violated. Again, Defendants do not point the Court to a particular policy at issue or a particular employee's actions. The issue at trial will be whether Defendants violated Plaintiff's Fourteenth Amendment rights, and the Court cannot, at this time, find that all of IDOC's policies and procedures are irrelevant to that issue. Defendants' Motion in Limine No. 4 is **DENIED** but may

be revisited at trial.

**MOTION *IN LIMINE* No. 5: PLAINTIFF SHOULD BE PROHIBITED FROM OFFERING EVIDENCE OR TESTIMONY OF OTHER LAWSUITS INVOLVING DEFENDANTS.**

Evidence that Defendants violated other inmates' rights is not admissible solely for the purpose of showing that Defendants violated Plaintiff's Fourteenth Amendment rights. Fed. R. Evid. 404(b)(1). However, there are specific purposes for which other violations by Defendants may be admissible, and without knowing what lawsuit(s) are at issue, the Court cannot find that evidence of other lawsuits is barred in limine. *See* Fed. R. Evid. 404(b)(2). Defendants' Motion in Limine No. 5 is **DENIED** but may be revisited at trial.

**MOTION *IN LIMINE* No. 6: PLAINTIFF SHOULD BE PROHIBITED FROM OFFERING EVIDENCE OR TESTIMONY OF ANY MISCONDUCT, REPRIMAND, OR COMPLAINTS ISSUED AGAINST DEFENDANTS.**

The record before the Court currently reflects no previous misconduct, reprimand, or complaint against the Defendants. To the extent prior misconduct by Defendants occurred or allegedly occurred and is brought up at trial, the Court is currently unable to evaluate whether such evidence is admissible for any purpose, and therefore, Defendants' Motion in Limine No. 6 is **DENIED**.

**MOTION *IN LIMINE* No. 7: PLAINTIFF SHOULD BE PROHIBITED FROM OFFERING EVIDENCE OR TESTIMONY REFERENCING ANY "GOLDEN RULE" APPEAL.**

Defendants request that the Court bar Plaintiff from asking the jury to put themselves in Plaintiff's position. *"*A 'Golden Rule' appeal in which the jury is asked to put itself in the plaintiff's position is universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *United States v. Teslim*, 869 F.2d 316, 328 (7th Cir. 1989) (internal quotations and citation omitted). Defendants' Motion in Limine #7 is **GRANTED**.

**MOTION *IN LIMINE* No. 8: PLAINTIFF SHOULD BE PROHIBITED FROM OFFERING HIS OWN GRIEVANCES, OR GRIEVANCES OF OTHER INDIVIDUALS IN CUSTODY, AS EVIDENCE.**

Defendants ask that Plaintiff be barred from offering his own or other inmates' grievances as evidence at trial because they are inadmissible hearsay, and no hearsay exception rule applies. Fed. R. Evid. 801-804. The Court is generally inclined to find that Plaintiff's grievances (when offered by Plaintiff) are inadmissible hearsay. However, such records may be admissible if they are relevant and are not being offered for the truth of the matter asserted. Without knowing the specific grievances or portions of grievances that are at issue, the Court is unable to evaluate whether Plaintiff's or other inmates' grievances are admissible. Therefore, Defendants' Motion in Limine No. 8 is **DENIED** but may be revisited at trial.

**IT IS SO ORDERED.**

**DATED: August 29, 2024**

/s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**